UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZACHARY NILES,    )   |   | |
|          Plaintiff,    )   |   | |
|         )   | No. 1:23-cv-919 | |
| -v-        )   |   | |
|         )   | Honorable Paul L. Maloney | |
| COMMISSIONER OF SOCIAL SECURITY,    )   |   | |
|          Defendant.    )   |   | |
|         )   |   | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Niles, through counsel, filed this lawsuit seeking review of a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income. The Magistrate Judge issued a report recommending the Court affirm the Commissioner's decision (ECF No. 22). Plaintiff filed objections (ECF No. 23). The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Changes in the Legal Landscape / Evidentiary Standards

The Magistrate Judge summarized the legal framework used to review the decision of an Administrative Law Judge's (ALJ) decision in social security appeals. The Magistrate Judge also summarized the legal framework used by the ALJ. Concerning the various opinions offered by Plaintiff in support of his claims, the Magistrate Judge explained the standard imposed by the relevant regulation, 20 C.F.R. § 416.920c. In his objection, Plaintiff raises concerns about the shifting legal landscape following the Supreme Court's decision to overturn *Chevron* deference. *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024). Plaintiff asserts a need for courts to require the Social Security Administration to use "real evidentiary standards" (ECF No. 23 PageID.1297).

The Court overrules this objection. Plaintiff does not specifically object to any particular finding of law in the R&R. Plaintiff's objection does not identify any specific error in the R&R.

B. Magistrate Judge Mimics ALJ's Disregard the Medical Assessments of Plaintiff's Treating Physicians

The Magistrate Judge summarized the ALJ's assessment and consideration of each of the doctors' opinions. Concerning the ALJ's treatment of the opinions, the Magistrate Judge found no basis for reversing the ALJ's decision. Plaintiff objects. Plaintiff argues that the Magistrate Judge did not address the authority and the law set forth in Plaintiff's brief.

The Court overrules this objection. The ALJ's opinion, as summarized by the Magistrate Judge, provided a sufficient factual and legal basis for the assessment of each physicians' opinions. While the Magistrate Judge did not address every legal authority cited

by Plaintiff, the Magistrate Judge did provide a coherent explanation of the relevant legal guidelines. Plaintiff has not identified any specific legal error.

C. Valid Residual Functional Capacity Determination

The Magistrate Judge set forth the ALJ's RFC determination. Plaintiff objects. The Court overrules this objection. Plaintiff merely repeats, almost word-for-word, the argument set forth in his initial brief (the ALJ identified what claimant could not do, not what the claimant could do). This approach is not a proper objection. And, the ALJ did set forth a valid RFC: "claimant has the residual functional capacity to perform sedentary work ... except for the following restrictions: ..." (ECF No. 6-2 PageID.54).

D. Failure to Assign Weight to Third-Party Statements

The Magistrate Judge succinctly and accurately summarized how the ALJ addressed the opinions of third parties, including Plaintiff's father. Plaintiff objects. The Court overrules this objection. Plaintiff does not address the specific conclusion of the Magistrate Judge that the father's testimony was more limited than what the ALJ recognized and was contradicted by substantial evidence and any error was harmless.

Having found that the objections do not provide any basis for rejecting the R&R, the Court **ADOPTS** the Report and Recommendation (ECF No. 22). The Court **AFFIRMS** the Commissioner's decision. **IT IS SO ORDERED.**

Date:   August 16, 2024                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge